United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| NEHEMIAS A CIFUENTES-VASQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00371 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Pending before the Court is Nehemias A Cifuentes-Vasquez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

On June 23, 2026, an Immigration Judge (IJ) denied Petitioner's application for relief and ordered Petitioner removed. (Dkt. 5 at 2.) Petitioner filed an appeal with the Board of Immigration Appeals (BIA). (*Id.*) On March 11, 2026, Petitioner then filed this habeas petition with the Court. (Dkt. 1.) On March 27, 2026, Respondents notified the Court that Petitioner's order of removal to Guatemala is now final because the BIA dismissed Petitioner's appeal on March 13, 2026, and Respondents intend to effectuate Petitioner's removal. (Dkt. 7.) The Court ordered a status update by April 24, 2026, (Dkt. 8), and Respondents timely informed the Court that Petitioner was removed to Guatemala on April 16, 2026. (Dkt. 9.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298,

1 / 2

307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that they would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g., Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed on April 16, 2026, after his removal order became final. (Dkt. 9 at 1.) Because Petitioner challenged his continued detention as unreasonable and prolonged in violation of constitutional and statutory limits and he has now been released from confinement in DHS custody, the Petition for Writ of Habeas Corpus is moot because there is no relief to be effectuated by the Court. (*See* Dkt. 1 at 9.) If future detention does occur, Petitioner may file another habeas corpus petition at that time.

Accordingly, it is **ORDERED** that this case is DISMISSED WITHOUT PREJUDICE as moot. The Clerk of Court is hereby DIRECTED to terminate the case and all pending motions.

IT IS SO ORDERED.
SIGNED this May 18, 2026.

Diana Saldaña
United States District Judge

2 / 2